THE TRUSTEES OF THE CINCINNATI SOUTHERN RAILWAY *vs.* DAVID BANNING ET AL.

*Condemnation proceedings under Municipal Code—Assessment of compensation on reversal.*

When the judgment of the Probate Court confirming a verdict in condemnation proceedings under the Municipal Code is reversed by the Common Pleas, and the cause remanded for a new trial, the corporation is entitled on such new trial to have the compensation again assessed, though the amount of the first award has been paid to the land owner, and the corporation has taken possession of the land.

*Decided May*, 1887.

On the 10th day of August, 1877, a jury, having

been impaneled in this court to assess the compensation for property belonging to this defendant, for the use and benefit of the city of Cincinnati in constructing the Cincinnati Southern Railroad, returned a verdict assessing the compensation to David Banning in the sum of $9,000, and subsequently an order was made by the court directing plaintiff to pay to the defendant the amount so found due, and ordering, on the payment of the said sum, that the defendant surrender the property so condemned. The money having been paid, and the property surrendered, the plaintiffs filed their petition in error in the Court of Common Pleas to reverse the judgment of this court.

Upon the hearing of the petition in error the judgment was reversed, and it is now sought to have the compensation again assessed. To this proceeding the defendant files his answer, alleging the proceedings heretofore had, the payment of the money, the possession of the property by the plaintiffs, and denying their right to again have the compensation assessed. Plaintiffs thereupon filed their motion to strike from the files said answer, for the reason that said answer was immaterial to the issue of the case.

*W. T. Porter*, for Trustees of Cincinnati Southern Railway.

*Lawrence Maxwell, Jr.*, and *Judge Alexander B. Huston*, for Banning.

*John R. Von Seggern*, for other property owners.

Trustees Cincinnati Southern Railway *v.* Banning.

GOEBEL, J.

The original proceeding was under the Municipal Code. In the determination of the questions involved we must be governed by the law then in force. Whether the law then in force authorized a proceeding in error is immaterial at this time.

Proceedings in error having been instituted, and the judgment having been reversed, this court can not review the judgment and finding of the Common Pleas Court, and is necessarily concluded by the judgment of reversal, and this case must be considered as if the parties were originally here. Under the Municipal Code, in 1877 there was no statutory provision which authorized plaintiffs to pay the money into court or to the parties. The same having been paid, however, to the party, the plaintiffs having taken possession of the property, and the judgment having been reversed, the question presents itself whether the plaintiffs are entitled to again have the compensation fixed.

The constitution, after declaring that property shall ever be held inviolate and subservient to the public welfare, provides that, except when taken in time of war or other public exigency imperatively requiring its seizure, or for the purpose of making or repairing roads, which shall be open to the public without charge, a compensation shall first be made in money or first secured by a deposit of money, and such com-

pensation must be assessed by a jury. This means a jury subject to judicial direction, as in other cases. This jury is a tribunal presided over by the court, and under its direction hearing the evidence upon the issue, and by its verdict declaring the truth upon the evidence under the law as given them by the court. *Smith* v. *The Atlantic and Great Western Railroad Company*, 25 Ohio St., 91.

But it requires something more than a verdict. By the verdict the compensation is merely fixed in the event the land is taken. The constitution contemplates a judicial proceeding to make the condemnation effective. The appropriation is not complete until there is a judgment of the court confirming the verdict, and no title passes until the judicial proceeding is ended; that is, until the verdict of the jury is made effective by a judgment. *Wagner* v. *Railway Company*, 38 Ohio St., 32, 37.

The fact that the plaintiffs paid the money to the defendant and have taken possession of the property, would seem to make no difference, since the property could not be taken, except by due process of law, until a full compensation therefor had been paid to the owner; and in that respect the rights of the parties are mutual. Whenever the corporation is entitled to take the land, its former owner is equally entitled to the money. The right to the money accrues *eo instanti* with the right to take the land.

The deposit of money in court is in legal effect for the land owner's use, and belongs to him as soon as the land becomes the property of the corporation. *Meily et al.* v. *Zurmehly*, 23 Ohio St., 628.

And this is so, notwithstanding either party may prosecute error and reverse the judgment. The final judgment of the Probate Court completes the appro-.priation for the purpose of transferring the title. Nor do I see any difference whether the money has been paid to the parties or into court; for in either case it requires the judgment of the court confirming the verdict. The right of possession passes as an incident of a consummated appropriation. To deprive the owner of his right of possession until appropriation is made would be obnoxious to the constitution. It must follow that the verdict of the jury being set aside, there is not now either a verdict or a final judgment, both of which are essential to a complete appropriation. The motion to strike the answer from the files will be granted, and this case will proceed on its merits.

NOTE.—See same case, decision of Hamilton Common Pleas, 21 Bull. 9.